### ALBERT H. FOSTER *vs.* EDWARD LAMB.

If an insolvent debtor has obtained the requisite assent of his creditors and done all other acts to entitle him to a discharge, and has thereupon temporarily left the Commonwealth, and a groundless claim is thereafter fraudulently presented against his estate at the third meeting, and is allowed, which, if genuine, would deprive him of his right to a discharge, and his discharge is therefore not granted, and the time for an appeal has passed before his return or knowledge of the fraud, he may maintain a bill in equity, under Gen. Sts. c. 118, § 16, to procure the expunction of the claim, so that the discharge may be granted.

BILL IN EQUITY alleging that the plaintiff was an insolvent debtor, whose estate was in course of settlement in the court of insolvency for Worcester county; that he had obtained and duly filed the assent of a majority in number and value of his cred-'tors to the granting of a certificate of discharge, and had done all other acts necessary to entitle himself thereto; that he thereupon left the Commonwealth, being an officer in the army of the United States; that at the third meeting of his creditors, in the absence of himself and of the assignee, the defendant presented a large pretended claim against his estate, which was wholly groundless, and by fraud and falsehood prevailed upon the judge of insolvency to allow the same; that, by reason solely of the allowance of this claim, the assent of creditors which had been filed appeared to be insufficient, and a discharge was therefore not granted; that the plaintiff was wholly ignorant of the acts of the defendant and of the consequent refusal to grant the discharge until the time for procuring and filing the assent of his creditors had passed; and he had applied to the court of insolvency for relief, which had been refused. The prayer was, that the defendant's claim might be expunged, and that a meeting of his creditors might be called, and a certificate of discharge granted to him.

The defendant filed a general demurrer, which was overruled by *Merrick*, J., and the defendant appealed to the whole court.

*P. C. Bacon & W. A. Williams*, for the defendant.

*D. Foster & T. L. Nelson*, for the plaintiff, were not called upon.

BIGELOW, C. J. There can be no doubt that this court has jurisdiction of the case stated in the bill. The facts alleged disclose a fraudulent attempt by the defendant to deprive the plaintiff of his discharge in insolvency, to which he would have been entitled but for the illegal and wrongful acts of the defendant. It is also clear that the plaintiff has lost an opportunity to avail himself of the ordinary remedy of an appeal as provided by law. It is, therefore, a case coming within Gen. Sts. *c.* 118, § 16, where a party aggrieved, having no other remedy, has a right to ask this court to hear and determine the cause as a court of equity. *Hill* v. *Hersey,* 1 Gray, 584.

The only ground of demurrer on which the defendant now insists is, that the plaintiff has been guilty of laches in not attending the third meeting of his creditors, and in not seasonably seeking his remedy by appeal. But the decisive answer to this objection to the plaintiff's case is, that no negligence can be imputed to him for omitting to resist a false and fraudulent claim, which he had no reason to suppose would be offered in proof against his estate. Admitting, for the sake of the argument, that, under the provisions of the insolvent laws, he could have obtained redress by appearing before the judge of insolvency, he certainly was not guilty of laches in failing to assert his rights in opposition to a claim such as the defendant is alleged to have proved. Having obtained the assent to his discharge of a majority of all his creditors holding valid claims against him, he had a right to suppose that his discharge would be granted. The only negligence of which he seems to have been guilty is, that he did not anticipate that the defendant would attempt to offer in proof an unfounded claim against his estate. *Demurrer overruled.*